United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **SOKAMTE JOEL MARTINIS MBOM,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01321** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY, *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Sokamte Joel Martinis Mbom's ("Petitioner") Emergency Motion to Enforce the Court's Order, (Dkt. 12), moving the Court to enforce its August 24, 2026 Order, (Dkt. 9). On August 24, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and ordered Respondents to provide Petitioner with an individualized custody review before an Immigration Judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 9.)

On September 15, 2026, Petitioner filed an Emergency Motion to Enforce the Court's August 24, 2026 Order, alleging that he was denied bond on August 31, 2026 and that the custody review did not comply with the Court's Order. (Dkt. 12 at 2.) Petitioner argues that because he was not properly notified of his bond hearing, he had limited time to prepare and could not obtain a lawyer or evidence necessary for an adequate individualized custody determination. (*Id.*) Petitioner alleges that an IJ denied him bond and found Petitioner to be a flight risk "because [he] had no lawyer and no evidence." (*Id.*) Petitioner also argues that the Board of Immigration

Appeals' (BIA) remand of his pending asylum case to an IJ failed to show by clear and convincing evidence that he is a flight risk.

On September 18, 2026, the Court ordered Respondents to file a supplemental notice supporting their position that the bond hearing held on August 31, 2026, complies with the Court's August 24, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, or immediately release Petitioner from custody. (Dkt. 13.) Respondents filed supplemental briefing, (Dkt. 14), the requested documents, (Dkt. 15), and a recording of the hearing with the Court on September 25, 2026. Respondents argue that the August 4, 2026 bond hearing complies with the Court's July 30, 2026 Order because the IJ considered all the evidence on the record, the Department of Homeland Security (DHS) demonstrated by clear and convincing evidence that Petitioner is a flight risk, and the Petitioner received sufficient notice of his bond hearing in accordance with the Court's order. (Dkt. 14 at 1.)

The Court has reviewed the recording of the bond hearing and the evidence provided and finds the August 31, 2026 bond hearing complies with the Court's conditional writ, which required a constitutionally adequate bond hearing at which the Government would bear the burden of establishing Petitioner's dangerousness or flight risk through clear and convincing evidence. Upon review of the bond hearing recording, the IJ found that the Petitioner was a flight risk after properly stating the burden and considering the evidence presented by the Government, including that Petitioner has remained in detention since he entered the United States in February of 2025; he had limited family ties in the United States; his wife resided in Canada; and he has not had a job in the United States. (Bond Hearing Recording, Min. 6:55–9:13; 10:00–12:14.) Furthermore, the IJ found that because Petitioner was ordered removed on August 14, 2025, there was a high likelihood that his application for relief from removal would also be denied. (*Id.*) The IJ ultimately

concluded that coupled with Petitioner's limited ties in the United States, the procedural posture of Petitioner's case supported a finding that he was a flight risk because the uncertainty of relief from removal reduced the practical incentive that Petitioner would present himself at future court appearances. (*Id.*) Although Petitioner did not have an attorney at his bond hearing and requested more time to obtain an attorney, the IJ denied his request and proceeded with Petitioner as *pro se* because the Court's August 24, 2026 Order required the IJ to conduct Petitioner's bond hearing within a stipulated time frame. (Bond Hearing Recording, Min. 2:30–3:05.)

Indeed, the Court has the power to enforce a conditional habeas writ. *See Hootkhil v. Rio Grande Detention Center*, 2026 WL 2089545, at *2–4 (S.D. Tex. July 14, 2026). However, there is no indication that the IJ failed to comply with the Court's August 24, 2026 Order. Regardless of whether the Court agrees with the IJ's determination, the Court lacks the authority to interfere by reweighing the underlying evidence to decide whether Petitioner is a flight risk. *See Alvarez Perez v. Warden, El Paso Service Processing Center*, 2026 WL 1954891, at *1 (W.D. Tex. May 14, 2026) (denying the petitioner's motion to enforce after finding the IJ complied with the court's order and declining to reweigh the evidence presented before the IJ regarding the petitioner's risk of flight); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) ("[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond[.]") Because the IJ complied with the Court's August 24, 2026 Order, the Court must deny Petitioner's Emergency Motion to Enforce.

## CONCLUSION

Accordingly, Petitioner's Emergency Motion to Enforce the Court's Habeas Order, (Dkt. 12), is **DENIED**. The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

**Sokamte Joel Martinis Mbom**
**A # 221-394-863**
**Rio Grande Detention Center**
**1001 San Rio Blvd**
**Laredo, TX 78046**

IT IS SO ORDERED.

SIGNED this November 17, 2026.

Diana Saldaña
United States District Judge